# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HOLLIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01688-GSA PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 23) |

      Plaintiff Joseph Hollis, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 26, 2008. On February 6, 2009, the Court screened Plaintiff's amended complaint, and found that it states claims under the Eighth Amendment against Defendants Soares, Bennett, Goethe, Castro, and Yates for failing to protect Plaintiff, but does not state a claim against Defendant Williams. 28 U.S.C. § 1915A. The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on his cognizable claims, within thirty days. (Doc. 16.) On March 17, 2009 and April 23, 2009, the Court granted Plaintiff's motions for a thirty-day extension of time to comply. (Docs. 19, 21.)

      On July 6, 2009, after more than thirty days passed and Plaintiff failed to comply with or otherwise responded to the order, the Court ordered him to show cause within thirty days why this action should not be dismissed for failure to prosecute, and warned him that the failure to file a response to the order would result in dismissal of the action. (Doc. 22.) More than thirty days have passed and Plaintiff has not responded to the order to show cause.

///

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. <u>Id.</u> (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to these particular court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. <u>Id.</u> This action, which has been pending since 2008, can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. <u>Id.</u> Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.

IT IS SO ORDERED.

Dated:   **August 21, 2009**             /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE